DIECKERHOFF, RAFFLOER & Co. *v.* UNITED STATES (No. 1066).[1]

ELASTIC CORDS AND WEBBINGS.

> The question is one of the sufficiency of a protest. An examination of the language employed shows this to be broad enough, and specific enough as well, to cover all kinds and classes of the goods the duty on which was protested as excessive.

## United States Court of Customs Appeals, May 12, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30412 (T. D. 32926).

[Reversed.]

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal is from a decision of the Board of General Appraisers holding certain protests insufficient.

The board, in its opinion, states:

> The remaining protests are lodged against the assessment of duty at the rate of 60 per cent ad valorem under the tariff act of 1909 on "silk, cotton, and india-rubber webbing, webs, cords and other webbing, webs and cords of which rubber is the component material of chief value." An inspection of the papers covered by these particular protests shows that certain elastic cords, webbings, and braids were assessed for duty at the rate of 60 per cent ad valorem under paragraph 349 or 402 of said act, and it was these goods to which the attention of the collector was directed by the protests. But the elastic cords and webbings represented by the qualities above specified were assessed for duty as being composed in chief value of silk at the rate of 50 per cent ad valorem under paragraph 401 of said act. We do not think that the protests here in question are sufficient to cover elastic cords and webbings assessed at 50 per cent ad valorem, *for the collector's attention was directed solely to goods assessed at 60 per cent ad valorem,* and he had only to consider whether the claim applied to goods so assessed.

The protest is in the following language:

> We hereby protest against your decision, liquidation, and assessment of duties as made by you on our importation below mentioned, consisting of certain *silk,* cotton, *and india rubber webbing, webs, and cords of which rubber is the component material of chief value,* contained in the cases or packages marked and numbered as described on the entries and invoices thereof, to which for more certainty of description reference is hereby had, claiming the same to be dutiable at 35 per cent ad valorem under paragraph 463, Schedule N, act of August 5, 1909.
>
> We further claim the merchandise dutiable under each of the paragraphs above referred to by virtue of paragraph 481 of said act, or at 10 per cent or 20 per cent under paragraph 480 of said act, and *not at 60 per cent ad valorem or as charged by you; and we give notice that we pay all other higher rates than is claimed above as the legal rate under compulsion and to obtain possession of our goods.* We claim that the duty exacted by you is not the legal duty chargeable upon said goods, holding you and the Government responsible for all excess of duty exacted by you upon said goods above the legal duty.

The gravamen of the decision is rested in the last sentence thereof, wherein it is stated:

> We do not think that the protests here in question are sufficient to cover elastic cords and webbings assessed at 50 per cent ad valorem, for the collector's attention was directed *solely* to goods assessed at 60 per cent ad valorem, and he had only to consider whether the claim applied to goods so assessed.

---

[1] Reported in T. D. 33440 (24 Treas. Dec., 808).

· Adverting to the protest, quoted *supra*, we find that the allegation therein specifying the goods upon the invoice which were thereby made the subject of protests refers to "silk, cotton, and india rubber webbing, webs, cords, and other webbing, webs, and cords of which rubber is the component material of chief value." This language seems amply broad to cover all kinds and classes of either silk or cotton or india rubber webs, webbing, and cords, irrespective of whether or not any of them were in chief value of rubber.

The second allegation, which seems to be one upon which the decision of the board was based, does not confine its specification to either silk or cotton goods upon the invoice, nor does it confine its specification to those goods alone assessed at 60 per cent ad valorem. The words in this part of the protest in this behalf are expressly leveled at goods assessed "at 60 per cent ad valorem *or as charged by you.*" There is a further allegation in that part of the protest which we think broadens the scope thereof in the following language: "That we pay all other higher rates than is claimed above as the legal rate under compulsion."

The goods alleged not to have been specified in this language of the protest are elastic cords and webs in chief value of silk, assessed at the rate of 50 per cent ad valorem. We think the protest, for the reasons aforesaid, specifies clearly this merchandise.

*Reversed.*