## ARTHUR, Collector, *v.* MORGAN.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted November 26, 1884.—Decided December 22, 1884.

A carriage in use abroad for a year by its owner, who brings it to this country for his own use here, and not for another person nor for sale, is "household effects" under § 2505 Rev. Stat. (p. 484, 2d ed.), and free from duty.

A protest against paying 35 per cent. duty on the carriage, which states that the carriage is "personal effects," and had been used over a year (as shown

by affidavit), and that, under § 2505 of the Revised Statutes, "personal effects in actual use" are free from duty, is a sufficient protest, on which the amount paid for duty can be recovered back on the ground that the carriage was free from duty as "household effects," under the same section.

Julia Morgan imported into the port of New York, from Europe, in May, 1876, a carriage, on which, at the appraised value of $667, the collector exacted a duty of 35 per cent., amounting to $233.45, under the following provision of Schedule M of § 2504 of the Revised Statutes (p. 474, 2d ed.): "Carriages and parts of carriages: thirty-five per centum ad valorem." She protested in writing to the collector against paying the 35 per cent. duty, on the ground that the carriage was "personal effects" and had been used by her "over a year," and that she had shown that fact by affidavit, and that, under § 2505 of the Revised Statutes, "personal effects in actual use" (Ib. 487) were free from duty. She appealed from the decision of the collector to the Secretary of the Treasury, and he affirmed it, and then she brought this suit. At the trial the above facts were shown, and the plaintiff proved that the affidavit referred to was to the effect that the carriage was old and had been in use by her abroad for more than one year before its importation; that the affidavit was deposited with the defendant, and transmitted by him to the Secretary, with the appeal; that she was a native citizen of the United States, and had lived abroad some three years, as a temporary resident, prior to the importation, and had returned to this country about two weeks before the importation; that the carriage had been purchased by her in France, and had been used by her as a family carriage abroad for more than one year before its importation; and that it was imported by her for her own use in this country, and was not intended for any other person or persons or for sale. The defendant offered no testimony, but moved the court to direct a verdict for the defendant on the following grounds:

"First; that no evidence was offered to support the claim made in the plaintiff's protest, that the carriage was a personal effect in actual use, within the meaning of that term as used in section 2505 Revised Statutes of the United States.

"Second; that the said protest was insufficient to raise the point that the carriage was included within the meaning of the term 'household effects,' as that term is used in section 2505 Revised Statutes of the United States.

"Third; that, even if the protest be considered sufficient to raise the last point, the carriage in question cannot properly be held to be included within the true sense and meaning of the term 'household effects,' as that term is used in section 2505 Revised Statutes of the United States."

The court denied the motion on each ground, and the defendant excepted to each ruling. A verdict was rendered for the plaintiff, the court having directed it on the ground that, on the testimony and within the meaning of § 2505, the carriage was "a household effect," and the exaction of duties was illegal. The defendant excepted to the direction, and, after a judgment against him, brought this writ of error.

*Mr. Solicitor-General* for plaintiff in error.

*Mr. L. W. Emerson* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court. He recited the facts as stated above, and continued:

It was provided by § 2505 of the Revised Statutes of 1874, that the importation of the following articles should be exempt from duty:

1. "Books, household effects, or libraries, or parts of libraries, in use, of persons or families from foreign countries, if used abroad by them not less than one year, and not intended for any other person or persons, nor for sale." (P. 484, 2d ed.)

2. "Personal and household effects, not merchandise, of citizens of the United States dying abroad." (P. 487, 2d ed.)

3. "Wearing apparel in actual use, and other personal effects (not merchandise), professional books, implements, instruments, and tools of trade, occupation or employment of persons arriving in the United States. But this exemption shall not be construed to include machinery, or other articles imported for use in any manufacturing establishment, or for sale." (P. 489, 2d ed.)

By § 1 of the act of August 10, 1790, ch. 39, 1 Stat. 181, there were exempted from duty, " the clothes, books, household furniture, and the tools or implements of the trade or profession of persons who come to reside in the United States." This exemption was continued by § 2 of the act of May 2, 1792, ch. 27, 1 Stat. 260.

As to the above clause 1, Schedule I of the act of July 30, 1846, ch. 74, 9 Stat. 49, exempted from duty "household effects, old and in use, of persons or families from foreign countries, if used abroad by them, and not intended for any other person or persons, or for sale." The same exemption was continued in § 3 of the act of March 3, 1857, ch. 98, 11 Stat. 194, and in § 23 of the act of March 2, 1861, ch. 68, 12 Id. 195. By § 22 of the act of July 14, 1870, ch. 255, 16 Id. 265, 268, exemption was extended, in addition, to "household effects of persons and families returning or emigrating from foreign countries, which have been in actual use abroad by them, and not intended for any other person or persons, or for sale, not exceeding the value of five hundred dollars." The above clause 1 first appeared in § 5 of the act of June 6, 1872, ch. 315, 17 Stat. 234, and is now in force as part of § 2503 of the Revised Statutes, by virtue of § 6 of the act of March 3, 1883, ch. 121, 22 Stat. 518.

As to the above clause 2, § 9 of the act of August 30, 1842, ch. 270, 5 Stat. 560, exempted from duty " books, and personal and household effects, not merchandise, of citizens of the United States dying abroad." Omitting the words " books and " this provision was repeated in Schedule I of the act of July 30, 1846, ch. 74, 9 Stat. 49, and in § 3 of the act of March 3, 1857, ch. 98, 11 Id. 194, and in § 23 of the act of March 2, 1861, ch. 68, 12 Id. 195, and is now in force as part of § 2503 of the Revised Statutes, by virtue of § 6 of the act of March 3, 1883, ch. 121, 22 Stat. 520.

The history of clause 3 above is fully given in *Astor* v. *Merritt*, 111 U. S. 210.

In June, 1876, the Attorney-General advised the Secretary of the Treasury that the words " personal effects," in clause 3 above, did not include carriages previously in use; but only

such things as are worn, like apparel, upon the person, or are used in connection therewith; and shortly afterwards he advised the same officer that the words "household effects," in clause 1 above, did not include carriages used abroad not less than one year and intended for personal use here. 15 Opinions, 113, 125. On this construction the department has acted. The last opinion proceeded on the ground that early and repeated decisions in England had held that books, wares, horses, &c., did not pass under bequests of "household goods and effects," and that the express mention of books, in clause 1, and the omission of other articles so determined not to be included under the general term "household effects," indicated that "carriages" were not within the exemption.

The word "effects" means "property or worldly substance." When it is accompanied, in a will, by words of narrower import, the bequest, if not residuary, may be confined to species of property *ejusdem generis* with those previously described. But the analogies to be derived from wills are not strictly applicable to a case like the present, and no material aid can be derived from decisions in regard to wills. The construction of the words "household effects" in a will often depends largely on the meaning of words in other provisions in the will, and upon the qualification by the word "other," as referring to specific articles before named, like the word "other" in clause 3 above. In the present case the only direct qualification of "effects" is "household."

Persons who dwell together as a family constitute a "household." In New York, a statute exempted from execution a cow "owned by any person being a householder." In *Woodward v. Murray*, 18 Johns. 400, a judgment debtor, who owned a cow, had left his wife and children, they continuing to reside in the house he had occupied. While they were on the road, removing to the house of the wife's father, with the cow and their household furniture, the cow was seized on execution. The court held that the exemption continued so long as the wife and children remained together "as a family," and that they continued to be the debtor's "household" and he the "householder."

The question for decision in this case is, whether the carriage of the plaintiff fell under either of these heads: (1) "household effects, in use, of a person or a family from a foreign country, used abroad by the person or the family not less than one year, and not intended for any other person or persons, nor for sale;" (2) "personal effects (not merchandise), nor for sale, of a person arriving in the United States."

The carriage had been in use as a family carriage, abroad, by the plaintiff, as owner, for more than a year. She came from abroad after a temporary residence there of three years, and imported the carriage two weeks later for use here, and not for any other person nor for sale. Was it "household effects" or "personal effects" of the plaintiff? We think that it fell within clause 1 and was "household effects."

In the provision respecting the "household effects" of persons or families, there is an evident intention to include articles which pertain to a person as a householder or to a family as a household, which have been used abroad not less than a year, and are not intended for others nor for sale. A carriage is peculiarly a family or household article. It contributes, in a large degree, to the health, convenience, comfort and welfare of the householder or of the family. The statute is not limited to articles of household furniture, or to things whose place is necessarily within the four walls of a house. Clause 2 above uses the words "personal and household effects." This serves to show that, by the use of the words "household effects," alone, in clause 1, in the same section of the statute, something is intended different from "personal effects;" and that those words embrace articles which the words "personal effects" do not cover. So, too, if the words "other personal effects," in clause 3, should be extended to embrace articles properly covered by the words "household effects" in clause 1, such household effects would come in free, although not used abroad for a year, and the door would be opened wide for the introduction, without duty, of large numbers of articles, as "household effects," which it is intended should pay duty. We do not find it necessary, in this case, to consider any further the construction of the words "other personal effects," in clause 3, because

we place our decision on the ground that this carriage was "household effects" of the plaintiff.

The protest claimed that the carriage was "personal effects" in actual use, under § 2505, and, as such, free and not subject to the duty imposed on it; but did not claim it to be "household effects." The solicitor-general concedes that the objection to the protest is a "bare technicality," and that its language could hardly mislead the officers. A proper protest, as well as an appeal, are prerequisites to the right to sue. § 3011 Rev. Stat., as amended by the act of February 27, 1877, ch. 69, 19 Stat. 247. The protest must set forth "distinctly and specifically" the grounds of objection to the decision of the collector as to the rate and amount of duties. § 2931 Rev. Stat. This provision was taken from the act of June 30, 1864, ch. 171, § 14, 13 Stat. 214, and is substantially the same as that in the act of February 26, 1845, ch. 22, 5 Id. 727. A protest is not required to be made with technical precision, but is sufficient if it shows fairly that the objection afterwards made at the trial was in the mind of the party and was brought to the knowledge of the collector, so as to secure to the government the practical advantage which the statute was designed to secure. *Converse* v. *Burgess,* 18 How. 413; *Swanston* v. *Morton,* 1 Curtis, 294; *Kriesler* v. *Morton,* Id. 413; *Burgess* v. *Converse,* 2 Id. 216; *Steegman* v. *Maxwell,* 3 Blatchford, 365; *Frazee* v. *Moffitt,* 20 Id. 267. This protest apprised the collector that the carriage was claimed to be free, under § 2505, as a carriage actually used abroad over a year. The "household effects" clause was in the mind of the party and the collector could not fail to so understand. The protest was sufficient.

*The judgment of the Circuit Court is affirmed.*