## HILLHOUSE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 7, 1907.)

Nos. 90, 3,751.

**1. CUSTOMS DUTIES—CLASSIFICATION—HOUSEHOLD EFFECTS—AUTOMOBILE.**

The provision for "household effects" in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 504, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1683], includes automobiles.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 28.]

**2. SAME—USE ABROAD ONE YEAR—CONTINUITY OF USE.**

The provision for household effects "used abroad * * * not less than one year," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 504, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1683], is satisfied if the periods of such use aggregate one year, even though not continuous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 28.]

**3. SAME—REPAIRS—DUTIABILITY.**

*Held* that an automobile should not be excluded from importation free of duty as household effects used abroad more than one year, under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 504, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1683], by reason of having been extensively repaired shortly before importation. So much of the machine as is a new manufacture may be assessed with duty; but the rest, including the cost of overhauling, oiling, cleaning, readjusting, and regulating, is free under said paragraph.

**4. SAME—ENTIRETY—CONSTRUCTIVE SEPARATION.**

In applying a tariff law, a single article may be constructively separated into parts subject to different classifications.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, 142 Fed. 303, affirming a decision of the Board of General Appraisers, G. A. 5,849, T. D. 25,768, which sustained the collector of the port of New York, in assessing duty on an automobile of foreign manufacture under the tariff act of 1897.

Walden & Webster (Howard T. Walden, of counsel), for importer.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. Duty was assessed under paragraph 193, as an article wholly or in part of iron or steel or other metal, at 45 per cent. ad valorem. It is not disputed that, if dutiable at all, it should be under this paragraph. The only claim made here—the importer has abandoned others which were set forth in the protest and discussed by the board—is that the automobile is entitled to free entry under—

"Par. 504. Books, libraries, usual and reasonable furniture, and similar household effects of persons or families from foreign countries, all the foregoing if actually used abroad by them not less than one year, and not intended for any other person or persons, nor for sale." Act July 24, 1897, c. 11, § 2, Free List, par. 504, 30 Stat. 196 [U. S. Comp. St. Supp. 1901, p. 1683].

The Supreme Court, in Arthur v. Morgan, 112 U. S. 495, 5 Sup. Ct. 241, 28 L. Ed. 825, held·that carriages were properly classified as household effects, and we see no reason why automobiles should not be similarly disposed of. The Board of General Appraisers disposed of this claim by finding that there was no satisfactory proof that the machine had been used abroad for a year. This defect of proof was supplied in the circuit; and it now appears that after its purchase in October, 1901, it was used abroad for four months, was· then brought here (duty being paid on it) and used until August, 1903, and then taken abroad and used more than nine months in Europe. The act does not require continuous use abroad; and.it was conceded in the Circuit Court (and is conceded here) that the automobile was actually used abroad by the owner for more than one year, and was not intended for any other person or for sale. It appears, however, that extensive repairs were made upon it shortly before its second shipment to this country. The judge at circuit found that "the motor had been overhauled, new parts substituted in place of old, and the body had been repaired and newly upholstered." He held:

"A new manufacture, in part at least, would seem to have been the result. If the repairing had consisted simply of painting and adjusting parts of the machine which had become impaired and defective by reason of its ordinary use, a more liberal construction of the provision of the tariff act would be justified."

And he affirmed the board, which had sustained an assessment on the full value of the machine, 10,000 francs.

We concur in part only in this conclusion. As to so much of the machine as was a new manufacture which had not been used abroad for a year, duty was properly exacted; but when the value of such new manufacture is easily determinable there seems no good reason for requiring so much of it as has been used abroad for the requisite time to pay duty also. In the case at bar it appears that the total cost of the overhauling and repairs was 2,989.55 francs, of which 489.55 francs was paid for such work as overhauling, oiling, cleaning, readjusting, and regulating. Upon the balance only, 2,500 francs, should duty as "manufactures of metal," etc., be assessed.

The decision is reversed.