### UNITED STATES v. W. R. GRACE & CO.

#### (Circuit Court of Appeals, Second Circuit. January 12, 1909.)

#### No. 112 (4,829).

CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—HOUSEHOLD EFFECTS—AUTOMOBILE— "SIMILAR."

In the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 504, 30 Stat. 196 (U. S. Comp. St. 1901, p. 1682), for books, libraries, furniture, and "similar household effects," it differs from previous legislation in the insertion of the term "similar." Held: (1) That this insertion indicated an intention to do away with the exemption of household effects generally, and to restrict it to such as are like the books, etc., there mentioned; and (2) that automobiles are not "similar" to such articles.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*
For other definitions, see Words and Phrases, vol. 7, pp. 6515, 6516.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The Circuit Court affirmed, without opinion, a decision by the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of New York.

D. Frank Lloyd, Asst. U. S. Atty.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers.

Before WARD and NOYES, Circuit Judges.

WARD, Circuit Judge. The article in question is an automobile owned and used by the importer for not less than one year before importation, and not imported for any other person nor intended for sale. A new limousine had been added within that time at an expense of £175 sterling. The collector classified the automobile under paragraph 193 (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]). The board held it exempt from duty as a household effect under paragraph 504, except to the value of the new limousine, which was assessed for duty under paragraph 193. This was in accordance with the practice of the department and with our decision in Hillhouse v. United States, 152 Fed. 163, 81 C. C. A. 415, that an automobile is a household effect, within paragraph 504, but that it may be assessed for duty under paragraph 193 to the extent of the cost of substantial repairs within the year.

The question whether an automobile was exempt or not was not raised in that case by the government, because the Secretary of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Treasury had so held, apparently in view of the decision of the Supreme Court in Arthur v. Morgan, 112 U. S. 495, 5 Sup. Ct. 241, 28 L. Ed. 825. The only controversy was as to whether the article was to be considered as an entirety, or might be separated into two parts, one exempt and the other dutiable. The Morgan Case was decided in 1884, under section 2505 of the United States Revised Statutes, which reads:

(1) Books or household effects or libraries or parts of libraries in use of persons of families from foreign countries if used abroad by them not less than one year and not intended for any other person or persons nor for sale.

But paragraph 504 of the act of 1897 reads:

Books, libraries, usual and reasonable furniture, and similar household effects of persons or families from foreign countries, all the foregoing if actually used abroad by them not less than one year, and not intended for any other person or persons, nor for sale.

The insertion of the word "similar" indicates that Congress intended to do away with the exemption of household effects generally, and to restrict it to such as should be like books, libraries, or household furniture. We think that automobiles cannot be said to be similar to books, libraries, or to usual and reasonable household furniture, or either of them. If this provision of law in question had been repealed, as was the case in Hartranft v. Meyer, 149 U. S. 544, 13 Sup. Ct. 982, 37 L. Ed. 840 (see dissenting opinion, 149 U. S. 547, 13 Sup. Ct. 983, 37 L. Ed. 841), we should be disposed to follow our previous decision throughout; but as it continues in force we feel bound to decide the question of exemption now presented for the first time.

Judgment reversed.