UNITED STATES v. AUTO IMPORT CO.

UNITED STATES v. ARCHER & CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

Nos. 198, 199 (4,915, 4,918).

CUSTOMS DUTIES (§ 26*) — CLASSIFICATION — ENTIRETY — AUTOMOBILE WITH TIRES UNATTACHED.

When an automobile is imported without tires attached, but tires are contained in the same crate as the car, such tires are not dutiable separately from the car; but the whole is dutiable as an entirety, though before use other tires may be substituted for those imported with the car.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

Noyes, Circuit Judge, dissenting.

Appeals from the Circuit Court of the United States for the Southern District of New York.

The Circuit Court reversed decisions by the Board of United States General Appraisers, which had overruled protests by the importers. Note G. A. 6,567 (T. D. 28,044).

D. Frank Lloyd, Asst. U. S. Atty.

Brooks & Brooks (Frederick W. Brooks, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The only question presented is whether, under the circumstances attending their importation, certain rubber automobile tires should be considered as part of the automobile with which they came, and assessed under the appropriate paragraph, "193, manufactures wholly or in part of metal," or should be held to be separate articles of importation and assessed as manufactures of india rubber under paragraph 449 (Act July 24, 1897, c. 11, § 1, Schedules C, N, 30 Stat. 167, 193 (U. S. Comp. St. 1901, pp. 1645, 1678).

The automobiles in question were imported in crates, each crate containing a complete machine, including four tires, which were not (and had not at any time been) placed on the wheels. The theory upon which the importer contends that each of these automobiles and the tires which came with it should be considered as separate entities for duty purposes may be found in the following summary of the testimony:

Automobiles are sometimes imported with tires in place on the wheels. In very many cases they are imported without tires. In sell-

ing a machine it is the custom of the trade to give the purchaser an option as to what kind of tire shall go with it, so that as to any imported machine the importer cannot tell whether it will eventually be sold with the tires which the foreign maker sent with it, or with some other kind of tire, domestic or imported. Tires are separate articles of commerce, and dealers in machines keep a large stock of them of various kinds. They come in standard sizes for the different sizes of wheel, and, so far as the evidence shows, although the tires in these two instances had not been, in fact, placed on the wheels, they might be so affixed, and the machines would then be complete and fit to run. The importer testified that he was not prepared to say that these tires were not ordered for the particular machines they came with, and added:

"I can tell just how they were ordered. We anticipated our wants. We had to order. I did it personally, and I accepted these cars, and accepted these tires; but when I sell them again to my customers, it may be six or eight months after I have specified these orders, I give my customer the option whether he wishes tires, whether he wishes to purchase his own tires, or to buy a different make."

Upon this state of facts an importer may import incomplete cars and tires separately, and if he does so they will pay duty as separate entities, even though it be his intention, after he gets them here, to assemble them and thus produce completed cars. United States v. Schoverling, 146 U. S. 76, 13 Sup. Ct. 24, 36 L. Ed. 893. But the majority of this court is of the opinion that, under our decision in United States v. Irwin, 78 Fed. 799, 24 C. C. A. 349, when the incomplete car and the four tires necessary to put it in running order are imported together, shipped by the same vessel for the same importer, and entered at the custom house at the same time, the parts are dutiable as a whole. As pointed out in that case, had the importer procured a policy of insurance against loss by fire or the perils of the sea, upon an "automobile on board the steamship Victorian," the policy would have covered the complete machine, although the chassis, the body, and the tires were in separate cases, and had never before loss, been actually assembled.

Reference is made to our decision in Hillhouse v. United States, 152 Fed. 163, 81 C. C. A. 415, where it was held that exemption from duty as a "household effect" of a car used abroad for more than a year would not cover new parts added to it just before shipment. It would be an unreasonable extension of that proposition to hold that importations dutiable at some particular rate as completed articles may be constructively separated for duty purposes into parts subject to different classifications.

The decision of the Circuit Court is reversed.

NOYES, Circuit Judge (dissenting). I cannot agree that rubber tires should be assessed as manufactures of metal merely because they are imported in a crate with an automobile upon the wheels of which they never have been, and it is wholly problematical whether they ever will be, placed. In my opinion United States v. Irwin, 78 Fed. 802,

24 C. C. A. 349, applies only where parts of articles are imported to be assembled upon arrival.

I think that the decision of the Circuit Court should be affirmed.

NOTE.—The following is the opinion of Platt, District Judge:

PLATT, District Judge. The importations herein consisted of automobiles "with tools and accessories," so called. Duties were assessed thereon as entireties at the rate of 45 per cent. ad valorem, under the provision in paragraph 193 of the act of July 24, 1897, for "articles or wares * * * composed wholly or in part of iron, steel, * * * or other metal." The claim in the protests is that the tires which accompanied said automobiles, but which were not attached to the rims of the wheels, are properly separately dutiable at 30 per cent. ad valorem under paragraph 449, which is the tariff provision for manufactures of india rubber. It has been decided, as I understand it, in Hillhouse v. United States, 152 Fed. 163. 81 C. C. A. 415, that in applying the tariff law a single article may be constructively separated into parts subject to different classifications. The petition for certiorari in that case (208 U. S. 615, 28 Sup. Ct. 568, 52 L. Ed. 646), shows that the contention was as to whether parts of a machine taken abroad and brought back with new ones in their place could be treated as separable from the rest of the machine, which seems to settle the general principle contained in the Hillhouse decision.

In order that merchandise which is distinctively a manufacture of rubber, or a manufacture of wood, or a manufacture of this or of that, shall be classified as a manufacture of metal, it is necessary that the entire article manufactured shall have existed as an entity before importation and have been purchased as such an assembled entity. In such a case it would be an evasion for the foreign maker to break the entity into fragments and expect each fragment to be treated as if it were complete in itself. If the article has never been assembled on the other side, so that it is capable of immediate use, it ought not to be treated for tariff purposes as if it had been put into that condition on the other side. In the cases at bar there is no evidence that the rubber tires in issue had been attached to the wheels of the automobiles in the country of production in such a way as to be capable of immediate use. That being so, it seems to me that under the rulings in the shotgun cases it is wrong to attempt to treat them at the port of entry as if they had been so attached. United States v. Irwin, 78 Fed. 799, 24 C. C. A. 349; United States v. Schoverling, 146 U. S. 76, 13 Sup. Ct. 24, 36 L. Ed. 893.

It is to be observed, also, that the tires are not so markedly a part of the automobile as the nuts, bolts, beams, angle irons, etc., because these latter things are individual to the particular make of machine and are intended to stay until worn out, when they will be replaced by like parts; but the tires are detachable and interchangeable, and may or may not be used on the particular automobile, according to the whim or caprice of the owner.

In the light of these thoughts, and others which time forbids me to note, the decision of the Board of General Appraisers is reversed, and the tires in question held properly dutiable under the provision in said paragraph 449.