UNITED STATES *v*. W. E. KIDDER (No. 3263)[1]

United States Court of Customs and Patent Appeals, March 19, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[1] T. D. 43942.

[Oral argument February 12, 1930, by Mr. Igstaedter]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Lenroot, Judge, delivered the opinion of the court:

This is an appeal by the United States from the judgment of the United States Customs Court, sustaining the importer's protest, upon the ground that the merchandise involved herein, which accompanied a returning resident of the United States, was personal effects within the provisions of paragraph 1695 of the Tariff Act of 1922, and therefore entitled to free entry.

Duty was assessed by the collector under and by virtue of the provisions of paragraph 1453 of said act.

The collector reported:

The merchandise in question consists of certain moving-picture films taken abroad by the protestant, W. E. Kidder, and according to the report of the appraiser herewith, manufactured by the Eastman Kodak Company, Rochester, N. Y., and exported in their original condition, sensitized, but not exposed or developed. Upon importation, they were found to consist of 2,200 feet of positives, 400 feet of exposed, undeveloped negatives, and 1,300 feet in the original exported condition.

The pertinent parts of the competing paragraphs read as follows:

Par. 1453. * * * photographic-film negatives, imported in any form, for use in any way in connection with moving-picture exhibits, or for making or reproducing pictures for such exhibits, exposed but not developed, 2 cents per linear foot; * * * photographic-film positives, imported in any form, for use in any way in connection with moving-picture exhibits, including herein all moving, motion, motophotography, or cinematography film pictures, prints, positives, or duplicates of every kind and nature, and of whatever substance made, 1 cent per linear foot: *Provided,* That upon the importation of photographic and motion-picture films or film negatives taken from the United States and exposed in a foreign country by an American producer of motion pictures operating temporarily in said foreign country in the course of production of a picture 60 per centum or more of which is made in the United States the duty shall be 1 cent per linear foot, * * *.

Par. 1695. * * * *Provided further,* That in case of residents of the United States returning from abroad all wearing apparel, personal and household effects taken by them out of the United States to foreign countries shall be admitted free of duty, without regard to their value, upon their identity being established under appropriate rules and regulations prescribed by the Secretary of the Treasury; *Provided further,* That up to but not exceeding $100 in value of articles acquired abroad by such residents of the United States for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be admitted free of duty.

There was no oral testimony taken at the trial of the case, and no appearance upon the part of appellee. However, a stipulation had been agreed upon between the parties, which was stated by the Government's counsel upon the opening of the trial, as follows:

The plaintiff in this case has communicated with the Assistant Attorney General, and as a result of the exchange of these communications it was agreed

that the baggage declaration and entry, number 29444, and the so-called registration certificate dated January 13, 1928, together with the collector's report may all be received in evidence. The Government objects to the affidavits on the ground that they are not the best evidence of the alleged facts therein stated.

In pursuance of a letter dated December 14, 1928, addressed to the Assistant Attorney General in charge of customs litigation, the plaintiff, Mr. Kidder, authorizes us to submit the case on his behalf, and the Government submits.

The affidavits referred to are two in number, only one of which is pertinent to the question here involved. It reads as follows:

AFFIDAVIT FOR FREE ENTRY OF RETURNED AMERICAN PRODUCTS

UNITED STATES CUSTOMS SERVICE,
*Collection District No. 10, Port of New York.*

I, _____, do solemnly, sincerely, and truly swear (or affirm) that the following-described articles of merchandise, viz, jewelry, &c., as per ctf., covered by the entry hereto annexed are, to the best of my knowledge and belief, truly and bona fide of the (*) taken out of the United States by me; that they were truly exported and imported as therein expressed; that they are returned without having been advanced in value or improved in condition by any process of manufacture or other means; and that no drawback, bounty, or allowance has been paid or admitted thereon, or any part thereof.

W. E. KIDDER.

Sworn to this 13 day of Apr., 1928.

J. J. LARGLY, *Collector.*

(Indorsed:) Received July 9, 1928. U. S. Customs Court. J. W. Dale, clerk,

None of the statements contained in the baggage declaration and entry or in the registration certificate are in the form of affidavits, the same not being verified.

The Government contends that the Customs Court overlooked its objection to said affidavits, and that the same should have been sustained.

In view of the conclusion at which we have arrived, it is immaterial whether the affidavits referred to are considered as a part of the evidence or not.

There is but one question to be determined, and that is whether the moving-picture films in issue were personal effects of appellee, within the meaning of the quoted proviso of paragraph 1695. To determine this we are confined to an examination of the documents stipulated in evidence. The first is the application for and certificate of registration, dated January 13, 1928, signed by appellee. It is upon Customs Form 4455, which has the following heading:

Application for and Certificate of Registration of Articles to be Shipped Abroad for Repair, Personal use, Touring, Etc., also Theatrical Effects, Moving Picture Films, and Traveler's Samples

In the body of the application is found the following: "To be sent or taken abroad for the purpose of," followed by a blank beneath

---

* Insert "growth," "production," or "manufacture," according to the facts.

which, in brackets, is the following: "repair, alteration, personal use, touring, etc." This blank was not filled out at all.

On the back of the application is written in pencil a list of the articles covered by the application. In the list is included a "small moving-picture camera," various lenses, and "44 boxes of moving-picture film 16M/M containing 100 feet each, total 4,400 feet, Eastman Kodak safety film."

It is the last-mentioned moving-picture film that is here in issue. There is no statement anywhere in the application that this film is for the personal use of appellee, and, as before stated, he failed to fill in the blank provided for stating the purpose of taking abroad the articles designated in the application.

In the baggage declaration and entry, appellant declared his baggage as consisting of two trunks and six valises, etc., followed by a list of articles, at the end of which is the following declaration:

DECLARATION OF RETURNING RESIDENT OF THE UNITED STATES

I further declare that all of the articles, whether used or unused in my or our baggage, or on my person or the persons of those accompanying me as named above, which have been obtained abroad, with the foreign market value, whether purchased or otherwise obtained, are fully set forth above, and that none of the said articles are for sale, bought as commissions for others, or to be used in business, except as noted hereon.

W. E. KIDDER, *Passenger*.

The films here in issue were not included in the articles declared by appellee. To the right of the document, in the space headed "For Customs Officer's Notations Only," in red ink, there is found the following:

| | Value | Rate | Duty |
|---|---|---|---|
| 2,200 Feet Positive Film | 88 | 1c | 22 |
| 400 Feet Negative Film exp. & not Dev | 16 | 2c | 8 |
| 1,300 not exp. | | | |
| Film not exp. x. | | | |

A footnote states that the "x" indicates that the article so marked is "claimed taken from the U. S. per Reg. sheet attached."

In the affidavits on entry to which the Government objected there is no mention of the use of the films in issue. It follows that there is no evidence in the case that the films here involved were for the personal use of appellee, and not to be sold or used for profit.

In holding that the films in question were personal effects the Customs Court in its opinion cited the case of *Arthur* v. *Morgan*, 112 U. S. 495, and stated that the court there held that "personal effects" include all chattels personal. We find no such holding in that opinion, but on the contrary it was expressly held that "personal effects"

in the statute there under consideration, a predecessor of paragraph 1695 of the act of 1922, did not include "household effects." The lower court also cites the case of *Bernard* v. *United States*, G. A. 4813, T. D. 22622, as holding that the words "personal effects" are "broad enough in scope to include all articles of personalty 'not merchandise,' that is, not imported as objects of trade and commerce, and would embrace household effects." Without expressing any opinion as to the correctness of this holding, it is enough to say that it has no application to the case at bar for the reason that there is no evidence that the films here in issue were not intended to be used as objects of trade and commerce.

The Customs Court also cites the case of *Newman* v. *United States*, G. A. 7645, T. D. 34931, where the court held that a motion-picture film of the protestant flying an aeroplane, not intended for sale but intended only to be shown to his friends, was entitled to admission free of duty. This case, also, is not applicable for there is no evidence here that appellee did not intend to sell the films or that they were to be shown only to his friends.

If evidence of this character had been presented in the case at bar, a very different question would have been before us.

We must reverse the judgment of the Customs Court for the reason that, there being no evidence in the case that the films in question were for the personal use of appellee, and not to be sold or used for profit, they are not "personal effects" within the meaning of paragraph 1695.

The judgment of the Customs Court is *reversed*.

—

In the matter of the investigation of alleged unfair methods of competition and unfair acts in the importation and sale of synthetic phenolic resin, Form C, and articles made wholly or in part thereof (No. 3009) [1]