(C. D. 720)

MARY G. HUTCHINSON v. UNITED STATES

United States Customs Court, Third Division

(Decided January 9, 1943)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: At San Ysidro, Calif., a subport in the customs district of which San Diego, Calif., is the headquarters port (T. D. 50149), some 16 entries of merchandise described as woven leather uppers were made at various dates, the first one on December 23, 1937, and the last on March 10, 1938. The entries were liquidated in due time, the liquidation latest in point of time having been made on August 11, 1938. Bulletin notices of such liquidations were duly posted in the customhouse at San Ysidro, where the goods had been entered, in compliance with the regulations contained in article 819, Customs Regulations of 1937, promulgated by the Secretary of the Treasury under the specific authority granted him by section 505 of the Tariff Act of 1930. No protests were filed against such liquidations, but more than a year and a half after the latest in date, to wit, on March 22, 1940, the attorneys who appear in the present proceeding addressed a letter to the collector of customs at San Diego requesting him to post notice of the liquidations at the San Diego custom-

house, their reason being stated as "in order to enable us to file protests against the classification of the merchandise." The collector refused the request of the attorneys, citing as his authority the law and regulations hereinbefore noted. Copies of these letters were received in evidence as collective exhibit 1.

Thereupon the protests now before us—three in number, each of the three covering a particular group of entry numbers—but treated as one protest—were filed at San Diego, April 1, 1940. They are on printed forms having sundry claims in fine print, none of which has any applicability here, and having interpolated in typewriting the following:

Your refusal to post liquidation is hereby protested as being illegal and contrary to the provisions of Section 514 of the Tariff Act of 1930 and the Customs Regulations of 1937.

All the merchandise assessed at 35% par. 1531, should be classified at 15% par. 1530 (b) (4).

The case was called for trial at San Diego and the proceedings there consisted of the introduction in evidence of the letters already mentioned; an oral stipulation as to the character of the merchandise, and a motion by the Government attorney to dismiss the protest on the ground of untimeliness, which motion was subsequently withdrawn. Briefs have been submitted on both sides and we have carefully considered them.

Both briefs are devoted in large part to a matter that is not in issue— the claim that the collector had not complied with the law in designating the packages for examination. This ground of objection is not assigned in the protest. There is no mention or hint of it. It was established long ago by the Supreme Court that the protest must set forth the grounds of objection and must show that the objections were "in the mind of the importer" when he made his protest. *Davies* v. *Arthur*, 96 U. S. 148, 24 L. ed. 758 (1878); *Arthur* v. *Morgan*, 112 U. S. 495, 28 L. ed. 825 (1884); *Herrmann* v. *Robertson*, 152 U. S. 521, 38 L. ed. 538. The question of the sufficiency of designation under section 499 of the Tariff Act of 1930, is not in the case. Even had it been pleaded in the protest before us it could not be considered, for the reason that it would have been far too late. (Sec. 514, Tariff Act of 1930.)

Obviously, the only claim in the protest that calls for any consideration is that which alleges that the collector had refused to post the liquidations, which allegation, even if the court could entertain it, could not be sustained, for counsel's argument in the brief for the plaintiff shows that the collector did post the liquidations at the port where the entry was made, viz, San Ysidro, as provided in the regulations. It has been held that the failure or refusal of the collector to post a liquidation is not a decision, or an order or finding entering into the same "as to the rate and amount of duties chargeable" on imported merchandise, within the purview of section 514, *supra,* and hence protest would not lie against such refusal or failure. *United*

*States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147. For this reason alone the protest is dismissable.

However, it is noted that the situation here presented differs in a material particular from that presented in the case of *Astra Bentwood Furniture Co.* case, *supra.* There the appellate court was quite plainly of the opinion that the collector had not performed his full duty because of the inaccuracy of the posting of the liquidation, and it left a way open for remedying the fault by dismissing the protest and suggesting that the collector could again post the liquidation using the correct name of the importer. In the instant case the collector has committed no error. He posted the liquidation, using the proper name, at the right port, the port of entry, and "in the form and manner prescribed by the Secretary of the Treasury," as required by the statute, section 505 of the Tariff Act of 1930, and the regulation, article 819 of the Customs Regulations of 1937.

It is the opinion of the court that the protest should be and the same is hereby dismissed.