(C. D. 1109)

PRAMETTE JUVENILLE FURNITURE Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 28, 1948)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh* and *Chauncey E. Wilowski*, special attorneys), for the defendant.

Before LAWRENCE and TILSON, Judges

LAWRENCE, Judge: An importation of "go-carts" (also known as "strollers") assessed with duty by the collector of customs at the port of New York at 45 per centum ad valorem as articles of metal, not specially provided for, under paragraph 397 of the Tariff Act of 1930, is claimed by the plaintiff herein to be properly dutiable at 40 per centum ad valorem as household utensils under paragraph 339 of said act.

The pertinent provisions of the Tariff Act of 1930 read as follows:

PAR. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

PAR. 339. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for: * * * composed of iron or steel and enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad

valorem; composed wholly or in chief value of aluminum, 8½ cents per pound and 40 per centum ad valorem; composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; * * *.

At the hearing of this case, no witnesses were called to testify, the record consisting merely of an oral stipulation of counsel for the respective parties and the introduction of two illustrative exhibits by the plaintiff. The following facts were agreed upon between counsel—

* * * That the merchandise consists of children's strollers or go-carts; that the two illustrations herewith offered in evidence as Illustrative Exhibits 1 and 2 are correct representations thereof; that the articles are in chief value of base metal all other than aluminum; that they are not plated with platinum, gold or silver, nor enameled or glazed with vitreous glasses; that the printed facts appearing on said illustrations are true and correct, and that the articles in question are designed for and used principally by mothers and other members of the family for the transportation of children too young to walk for any appreciable distance or time, and are chiefly so used on streets and beaches.

The two illustrations referred to in the above stipulation as illustrative exhibits 1 and 2 were received in evidence and marked "Illustrative Exhibits A and B." Illustrative exhibit A is captioned "Imported All-Metal Stroller—The 'Pramette' No. 700," and beneath a pictorial representation of the stroller there appears the following description:

> All Steel Chassis
> Steel Disc Wheels—Chrome Caps—Rubber Tires
> Back Recliner and Foot Adjustment
> Collapsible
> Lined and Padded Leatherette Seat and Back
> Safety Strap
> Foot Brake
> Available Grey, Blue or Maroon
> Packed One in a Carton—Shipping Weight 25 lbs.
> Completely Assembled—Merely Put On Wheels

The stroller depicted by illustrative exhibit B is similar to illustrative exhibit A but is known as "The Pramette" and has the following additional features:

> Reversible Chrome–Plated Pusher
> Leatherette Hood—Chrome Elbows

and its weight is shown as 30 pounds, prepared for shipment.

The gist of the argument in the brief filed by counsel for the plaintiff seeking classification of these strollers as household utensils under paragraph 339, *supra*, is that a distinction must be drawn between the word "house" as a structure for shelter and the word "household" which carries with it the broader connotation of pertaining to the members of a family, and since the articles here in issue are used for the convenience and comfort of the members of a family, they are household utensils and within the purview of paragraph 339, *supra*, as judicially interpreted by our appellate court in the following cases:

*Frank P. Dow Co., Inc.* v. *United States,* 21 C. C. P. A. (Customs) 282, T. D. 46816; *I. W. Rice & Co.* v. *United States,* 24 C. C. P. A. (Customs) 114, T. D. 48415; and *F. W. Woolworth Co.* v. *United States,* 26 C. C. P. A. (Customs) 221, C. A. D. 20.

With the first premise propounded by counsel for the plaintiff as to the distinction in meaning between the words "house" and "household," there appears to be no disagreement.

In support of the second premise, namely, that since the articles here in issue are used by the members of a family for their convenience and comfort, they are household utensils within the scope of the provisions of paragraph 339, *supra,* counsel for plaintiff refer to the cases of *Arthur* v. *Morgan,* 112 U. S. 495, wherein it was held that a carriage used by a family was a household effect; *Hillhouse* v. *United States,* 152 Fed. 163, which held that an automobile was a household effect; and *Sandow* v. *United States,* 84 Fed. 146, holding that horses for the family carriage were household effects.

The law applicable at the time the case of *Arthur* v. *Morgan, supra,* was decided was contained in the Revised Statutes of 1874, Section 2505 of which provided exemption from duty of importations of certain articles, including:

Books, household effects, or libraries, or parts of libraries, in use, of persons or families from foreign countries, if used abroad by them not less than one year, and not intended for any other person or persons, nor for sale.

The *Sandow* case, *supra,* arose under the provisions of the Tariff Act of 1890, the free list of which contained the following paragraph:

516. Books, or libraries, or parts of libraries, and other household effects of persons or families from foreign countries, if actually used abroad by them not less than one year, and not intended for any other person or persons, nor for sale.

The controverted classification of the importation the subject of the *Hillhouse* case, *supra,* occurred during the time the Tariff Act of 1897 was in effect. Paragraph 504 of the free list of said act, which practically verbatim is contained in the present tariff act as paragraph 1632, provided free entry for—

Books, libraries, usual and reasonable furniture, and similar household effects of persons or families from foreign countries, all the foregoing if actually used abroad by them not less than one year, and not intended for any other person or persons, nor for sale.

Whereas the United States Circuit Court of Appeals, Second Circuit, in the *Hillhouse* case, *supra,* held the automobile in controversy came within the purview of the last-cited paragraph, that court confronted with a like issue in the case of *United States* v. *W. R. Grace & Co.,* 166 Fed. 748, also arising under paragraph 504 of the Tariff Act of 1897, stated—

The question whether an automobile was exempt or not was not raised in that case [*Hillhouse* v. *United States*] by the Government, because the Secretary of the

Treasury had so held, apparently in view of the decision of the Supreme Court in Arthur *v.* Morgan, 112 U. S. 495, 5 Sup. Ct. 241, 28 L. Ed. 825. The only controversy was as to whether the article was to be considered as an entirety, or might be separated into two parts, one exempt and the other dutiable.

After a comparison of section 2505 of the Revised Statutes of 1874, *supra,* applicable when the *Morgan* case was decided, with paragraph 504 of the Tariff Act of 1897, in effect when the automobile the subject of the *Hillhouse* case was imported, the court said:

> The insertion of the word "similar" indicates that Congress intended to do away with the exemption of household effects generally, and to restrict it to such as should be like books, libraries, or household furniture. We think that automobiles cannot be said to be similar to books, libraries, or to usual and reasonable household furniture, or either of them.

and reversed the decision of this court (then the Board of United States General Appraisers) which had upheld the plaintiff's claim.

It will be noted that the articles in controversy in the *Morgan, Sandow,* and *Hillhouse* cases, *supra,* were claimed to be and were classified under a provision for household *effects,* whereas the claim of plaintiff in the case before us is that the go-carts or strollers here in issue properly should be classified under paragraph 339 of the Tariff Act of 1930 as household *utensils.*

Reference to lexicographic authorities indicates a wide difference between the words "effects" and "utensils." In Webster's New International Dictionary (1939 edition), we find the following definitions:

> effect, *n.* * * *
> 4. *pl.* Goods; movables; as, the people escaped with their *effects;*—sometimes used to embrace real property also.
> utensil, *n.*
> 1. An instrument or vessel, esp. one used in a kitchen or dairy.
> 2. Any useful tool or implement; as, a barn filled with farming *utensils;* * * *.

Funk & Wagnalls New Standard Dictionary of the English Language (1942 edition) defines these words as follows:

> effect, *n.* * * *
> 8. *pl.* (1) Movable or chattel property of any kind. "When one of their number died all his worldly *effects* were buried with him. * * *."
> (2) Any property convertible into money.
> utensil, *n.* Something that is used; a thing serving a useful purpose; formerly, a thing of varied use; as, *utensils* of war or observation; now, more especially, an implement or vessel for domestic or farming use; as, kitchen *utensils.*

From the foregoing definitions it will be observed that the word "utensils" encompasses a much narrower class of articles than the term "effects," which latter word applies to movable or chattel property of any kind.

The word "utensils," qualified by the word "household," as the term appears in paragraph 339 of the Tariff Act of 1930, under which

relief is here sought, has been consistently construed by this and our appellate court in harmony with the definitions above set forth to refer to articles which serve a utilitarian purpose and are used *in the household* for the care and maintenance of the home or for the convenience and comfort of its members. See *Frank P. Dow Co., Inc.* v. *United States, supra,* on vacuum cleaners and floor polishers; *I. W. Rice & Co.* v. *United States, supra,* on atomizers; and *F. W. Woolworth Co.* v. *United States, supra,* on metal animal figures and chains for holding pencils.

Counsel for plaintiff assert in their brief that the word "household" having received an interpretation over "a period of more than 60 years" the rule of *stare decisis* is applicable to the issue here presented and they imply that, if the rule were applied, the go-carts being "used by members of the family for convenience and comfort," the importation should properly be classified as household utensils.

We are of opinion that the rule of *stare decisis* has no controlling effect upon the issue here presented. While recognizing the distinction drawn by plaintiff's counsel between the words "house" and "household," nevertheless the word "household," as used in paragraphs 339 and 1632, *supra,* appears as an adjective to modify the nouns "utensils" and "effects," respectively. Reference to lexicographic authorities, *supra,* has indicated a clear distinction in meaning between these latter two words. Moreover, our attention has not been drawn to any case wherein articles similar to those here in issue have been held to be *household utensils* within the purview of paragraph 339, *supra,* nor, in our opinion, do the imported go-carts stand the test for household utensils as laid down by our appellate court in the *Dow, Rice,* and *Woolworth* cases, *supra.*

It is to be observed, as well, that Congress apparently recognized the distinction between the terms "household utensils" and "household effects" as is indicated by paragraph 339 of the Tariff Act of 1930 which provides for "household utensils" and paragraph 1632 of said act which enumerates "household effects."

In the light of the foregoing considerations, we are of the opinion, and so hold, that the children's go-carts or strollers, so-called, here in issue, do not come within the scope of the term "household utensils" as commonly defined and as judicially interpreted. Therefore, the claim of the plaintiff herein for classification of its importation under the provision for household utensils in paragraph 339 of the Tariff Act of 1930 is overruled, and the decision of the collector of customs is affirmed.

Judgment will be entered accordingly.