Ann M. BOYD, Plaintiff,

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare of the United States of America, Washington, D. C., Defendant.

Civ. A. No. 14787.

United States District Court
W. D. Pennsylvania

April 5, 1957.

Roger W. Hager, Johnston, Pa., for plaintiff.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

The matters before the court relate to motions for summary judgment presented by each party. The facts are not in dispute. The proceeding in reality is brought to review a decision of the So-

cial Security Administration.[1] The Agency disallowed claims of the widow, Ann M. Boyd, for:

(a) Claims on behalf of herself as a surviving widow of a deceased wage earner.

(b) Claim on behalf of two children of a previous marriage (step-children of the deceased wage earner).

(c) Lump-sum payments to a widow as provided by the Act.

■ The reviewing authority of the District Court is not unlimited for it may not substitute its inferences for those of the representatives of the Agency which are supported by substantial evidence. Warrenberger v. Folsom, 3 Cir., 239 F.2d 846; Ferenz v. Folsom, 3 Cir., 237 F.2d 46; Livingstone v. Folsom, 3 Cir., 234 F.2d 75.

■■ The sole question before the court is whether the findings of the Agency, that the claimant and the wage earner's two step-children were not living with the deceased wage earner at the time of his death as required by the statute, are supported by a reasonable basis in law and by substantial evidence in the record. If so, the decision of the Agency must be affirmed.

I find that as a matter of law the conclusions reached by the Agency are inconsistent with and contrary to the intent of the Act, and that the judgment in favor of the Agency was not based upon or supported by substantial evidence.

The provisions of law which relate to the questions posed are:

(a) Claim for widow's benefits.

Section 202(g) of the Social Security Act provides, in pertinent part, that the widow of an individual who died fully insured shall be entitled to mother's insurance benefits if, among other conditions, at the time of filing application she has in her care a child of the insured individual entitled to a child's insurance benefit and if the widow was living with the insured at the time of his death. 42 U.S.C.A. § 402(g).

Section 216(h) (2) of the Act provides, in pertinent part, that a widow shall be deemed to have been living with her husband at the time of his death if they were both members of the same household on the date of his death, or she was receiving regular contributions from him toward her support on such date, or he had been ordered by any court to contribute to her support.

(b) Claim of widow on behalf of two step-children of deceased wage earner.

Section 216(e) of Social Security Act defines the term "child" to include the step-child of a deceased individual who has been such step-child for not less than one year immediately preceding the day on which such individual died. 42 U.S. C.A. § 416(e).

Section 202(d) of the Act provides, in pertinent part, for the payment of benefits to the child (under eighteen years of age) of a fully insured individual, provided such child was dependent upon such individual at the time of such individual's death. 42 U.S.C.A. § 402(d).

Section 202(d) (4) of the Act provides that a child shall be deemed dependent upon his step-father at the time of the step-father's death if at such time the child was living with or receiving at least one-half of his support from such step-father. 42 U.S.C.A. § 402(d) (4).

(c) Claim of widow for lump-sum payment.

Section 202(i) of the Act provides, in pertinent part, that upon the death of an individual who died a fully or currently insured individual an amount equal to three times such individual's primary insurance amount shall be paid in a lump-sum to the person determined to be the widow of the deceased and to have been living with the deceased at the time of

1. All functions of the Federal Security Administration were transferred to the Secretary of Health, Education and Welfare by Section 5 of the 1953 Reorganization Plan No. 1, effective April 11, 1953, 18 Fed.Reg. 2053, 67 Stat. 631, 5 U.S.C.A. following section 133z–15.

death. If there is no such person then such amount shall be paid to any person or persons equitably entitled thereto, to the extent and in the proportions that he or they shall have paid the expenses of burial of such insured individual. 42 U.S.C.A. § 402(i).

The determination of the rights of the widow claimant as to each of the three separate claims requires consideration of the same facts and circumstances.

The record reflects the following undisputed testimony.

Claimant and deceased wage earner were previously married. Claimant had two children and wage earner nine. One child was born to said marriage. Claimant had posthumous child born subsequent to death of wage earner. A clash existed between children of wage earner and claimant before and during marriage. Conditions became unbearable for claimant which resulted in establishment of two households. Wage earner provided one home for his children of a previous marriage, and another for the wife claimant. Wage earner also contributed to support of his wife and her children, and agreed to reimburse the Commonwealth of Pennsylvania for amounts paid to them at his request through public assistance. Death occurred while claimant and wage earner were consummating the sexual act in the household provided for claimant. Deceased wage earner or wife claimant were not in good physical condition.

The Agency has failed to view the facts and the reasonable inferences to be drawn therefrom with the state of mind or intention of the parties to the marital relationship.

The involvements and complexities which underly the marriage relationship do not lend themselves to rigid and dogmatic interpretation. To limit the evaluation of whether husband and wife were living together in one household to sole consideration of living under one roof is, in my judgment, unduly restricting and giving shallow effect to the meaning and significance of the sanctity of the marriage vows. The realities and pressures which are an inevitable consequence of children brought into the household born of previous marriages gives rise to subtle human conflicts and personality clashes which require the best and most able resources and ingenuity of the spouses to compromise and sublimate. I can recognize the circumstances of the claimant and decedent's dual loyalties to their children and marriage, and of their zealous efforts to reconcile and preserve them both.

For all intents and purposes two households were maintained.[2]

---

2. The wife residing with her children of previous marriage as well as the present marriage—the husband with nine children of his prior marriage. The husband maintaining and continuing with constant regularity the most sacred acts of the marital vow in the conduct of sexual relations, epitomized in its most striking manifestation by his resulting death within a matter of minutes upon his having intercourse with his spouse and her being pregnant for a matter of months at the date of his death. The husband taking the wife and children to the relief authorities to request public assistance and contracting with the Board of Public Assistance to make restitution for the same when and if his resources should ever permit. Truly, a vibrant and all-consuming marriage relationship was in effect and the exigencies of living together in one household were achieved.

The word "household" is variously used to designate people, generally, who live together in the same house. It means those who dwell under the same roof and compose a family; a domestic establishment. Island v. Fireman's Fund Indemnity Co., Cal.App., 172 P.2d 520, 525.

Persons who dwell together as a family constitute a household. Arthur v. Morgan, 112 U.S. 495, 499, 5 S.Ct. 241, 28 L.Ed. 825.

Household appears to mean a family under one roof. Schurler v. Industrial Commission, 86 Utah 284, 43 P.2d 696, 699, 100 A.L.R. 1085.

A family is a collective body of persons living in one house, and under one manager. It consists of those who live with the pater families. The word is often used interchangeably with household. Indemnity Insurance Co. of North America v. Sanders, 169 Okl. 378, 36 P.2d 271, 273.

There is nothing in the record to indicate a repudiation of marital obligations, no break in the connubial relations, no legal separation, no release of matrimonal duties, no estrangement, but, on the contrary, a recognition of mutual respect and admiration of their marriage vows and of their responsibility to rear, supervise, maintain and keep together their respective children.

So when examination is made of the nature and character of their married life and their intention relative thereto, it is apparent that while they were not at all times living physically in the same abode, yet they were in fact living with each other in the same household within the spirit and substance of living with each other.

I conclude there is not substantial evidence in the record to support the finding that the widow is not entitled to mother's insurance benefits on her own behalf or to child's insurance on behalf of Robert G. and Donna G. Myers, step-children of the deceased wage earner. Furthermore, the lump-sum payments as a matter of law were not properly awarded to Frank M. Boyd, a child of the previous marriage of the wage earner, but should have been awarded to the claimant, Ann M. Boyd, the surviving widow.

Therefore, as a matter of law the claimant is entitled to payment of mother's and child's insurance benefits together with lump-sum settlement pursuant to law.

As provided by Section 202(g), 42 U.S.C.A. § 402(g), claimant had in her care children of the insured entitled to child's insurance benefits and she was living with the insured at the time of his death.

As provided by Section 216(h) (2), 42 U.S.C.A. § 416(h) (2), claimant widow and wage earner were living together at the time of death of wage earner as members of the same household. Claimant was also receiving regular contributions from wage earner toward her support at time of his death through arrangements made and agreed to with appropriate authorities of the Commonwealth of Pennsylvania by the deceased wage earner. Claimant prosecuted wage earner for support but no court order was entered due to his physical condition—said prosecution for support, in reality, resulted in a court order since the Commonwealth of Pennsylvania paid the widow assistance.

As provided by Section 216(e), 42 U.S.C.A. § 416(e), the two step-children were children under the Act for more than a year prior to death of wage earner.

As provided by Section 202(c), 42 U.S.C.A. § 402(c), said children were dependent upon wage earner at time of his death.

As provided by Section 202(d) (4) said step-children were living with the deceased wage earner, and were receiving at least one-half of their support from such step-father.

As provided by Section 202(i), 42 U.S.C.A. § 402(i), the claimant as the widow of the deceased wage earner was living with the deceased at the time of his death.

An appropriate Order is entered.