## CARTER v. UNITED STATES (No. 70).[1]

1. COTTON CLOTHS—ETAMINES.
    Where the importer protests against the rate assessed on his importation and points out the provisions of law under which he contends the articles in question are properly dutiable and indicates these with sufficient clearness for the collector by mere computation or examination of the goods to determine their classification, he has in all essential respects complied with section 14 of the customs administrative act of 1890 relative to protests of a collector's decision.

2. "REASONS" AND "GROUNDS."
    The substitution of the word "reasons" for "grounds" in the customs administrative act of June 10, 1890, held not to exact a more specific protest than formerly on the part of the importer (declining to follow Hygienic Wood Wool, T. D. 27328); Boker v. United States (T. D. 25892, 140 Fed. Rep., 115) distinguished.

United States Court of Customs Appeals, October 28, 1910.

APPEAL from a decision of the Board of United States General Appraisers (T. D. 29389)·

[Reversed.]

Walden & Webster for the appellants.

D. Frank Lloyd, Assistant Attorney General (Charles E. McNabb on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, and BARBER, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from a decision of the Board of General Appraisers overruling the importer's protest on the ground that it does not set forth distinctly and specifically the reasons for his objection to the collector's decision, as required by section 14 of the act of June 10, 1890.

The merchandise in question was classified as etamines, which are covered eo nomine by section 339 of the tariff act of 1897.

The protest claimed:

The merchandise is dutiable at the appropriate rate according to count of threads, weight, value, and condition as cotton cloth under paragraphs 304 to 310, inclusive, or at the same rate and the additional rate according to value under paragraph 313, or at 45 per cent under paragraph 322 or 347, or at 35 per cent or at other appropriate rates according to count, etc., under paragraph 346; if dutiable under paragraph 313, the ad valorem rates under 304 to 310, inclusive, are not applicable, but the duty under paragraph 313 should be added to the specific rates only or at the appropriate rate and under the proper paragraph according to the component material of chief value.

This protest was held insufficient on the ground that the protest mentioned no rate, merely claiming the merchandise to be dutiable "at the appropriate rate according to count of threads, weight, value, and condition as cotton cloth under paragraphs 304 to 310, inclusive," and under paragraph 313.

This holding of the board presents the sole question for our consideration, the board having found that the cloths were in part dutiable at 25 per cent ad valorem under paragraph 305 and in part dutiable at the same rate and an addition of 2 cents per square yard under paragraph 313.

The requirement of section 14 of the customs administrative act of June 10, 1890, is that the importer, if dissatisfied with the decision of the collector, shall give notice to the collector, in writing, setting forth therein distinctly and specifically and in respect to each entry or payment the reasons for his objection thereto.

The question has been raised as to whether the decisions under the prior statute, section 2931 of the Revised Statutes, are to be given full force in view of a change in the phraseology in the act of June 10, 1890. Under the former statute the importer was required to give notice in writing to the collector if dissatisfied with the decision, setting forth therein distinctly and specifically the grounds of his objections thereto. It will be noticed that in the later act the word "reasons" is substituted for "grounds," and the Board of General Appraisers in the matter of Hygienic Wood Wool, G. A. 6360 (T. D. 27328), in an elaborate and well-considered opinion, reached a conclusion upon what we regard as somewhat refined reasoning that the change of this word indicated a purpose to require a more specific protest. We are not able to accept this view. Among the definitions of the word "ground" appearing in the New English Dictionary (Vol. IV, 550) is "(c). A circumstance on which an opinion, inference, argument, statement or claim is founded, or which has given rise to an action, procedure, or mental feeling; a reason, motive." It is quite clear, we think, that the word "reasons" was used in the later statute in the same sense that the word "grounds" was used in the former. In either case, certainty to a common intent is all that is required, and where a statute required the Attorney General in filing an information to set

forth briefly and without technical terms the grounds on which a forfeiture was alleged to have been incurred, it was held that by requiring the grounds to be set forth nothing less should be meant than that the facts and circumstances should be set forth. Attorney General *v*. R. R. Co. (28 N. C., 456); s. c. Words and Phrases Judicially Defined, 3176.

The cases which have arisen under the two statutes are therefore all pertinent. It would be needless to attempt to reconcile all the decisions, but we think there can be gleaned from the authoritative decisions of the Supreme Court a rule which will be sufficient for the determination of this case.

In the case of Converse *v*. Burgess (18 How., 413) the fact was noted that the statute was designed for practical use by men engaged in active commercial pursuits. The court said:

We are not, therefore, disposed to exact any nice precision, nor to apply any strict rule of construction upon the notices required under this statute. It is sufficient if the importer indicates distinctly and definitely the source of his complaint and his design to make it the foundation of a claim against the Government.

In Arthur *v*. Morgan (112 U. S., 495) Converse *v*. Burgess was cited with approval, and it was said:

A protest * * * is sufficient, if it shows fairly that. the objection afterwards made at the trial was in the mind of the party and was brought to the knowledge of the collector, so as to secure to the Government the practical advantage which the statute was designed to secure.

It was accordingly held that a protest describing the importation, a carriage, as personal effects was sufficient, although the court found the article to be household effects, enumerated in the same subdivision with personal effects.

The cases were again reviewed in United States *v*. Salambier (170 U. S., 621), in which case sweetened chocolate in the form of small cakes or tablets manufactured from cocoa and sweetened with sugar were classified for duty at 50 per cent ad valorem under paragraph 239 as chocolate confectionery. The protest claimed the goods to be dutiable at 2 cents per pound, but failed to state the paragraph under which they were dutiable. There were two paragraphs, 318 reading: "Chocolate (other than chocolate confectionery and chocolate commercially known as sweetened chocolate), two cents a pound," and 319, "Cocoa, prepared or manufactured, not specially provided for in this act, two cents per pound."

It was said:

It does not appear that the collector deemed the protest insufficient in form or unintelligible. Not complaining of any want of distinctness in the protest, he adhered to his decision as to the nature of the merchandise and the amount of the duty, and, in pursuance of the statute, transmitted the protest with the invoice and entry to the Board of General Appraisers. * * *

We have no difficulty in agreeing with the Board of Appraisers and with the circuit court that the protest was, in form and substance, a reasonable compliance with the law.  *  *  *  The collector could not have been perplexed by the omission to name the specific paragraph which the importer sought to have applied, for there were but two paragraphs, besides 239, which dealt with the subject, namely, paragraphs 318 and 319, and under either of them the duty was that claimed by the importer, 2 cents per pound.

This case was cited in the Circuit Court of Appeals, Seventh Circuit, in United States *v.* Shea, Smith & Co. (114 Fed. Rep., p. 38), which case held that a protest was sufficient although it named paragraph 425 as the paragraph under which the articles were dutiable, whereas the court found that they were dutiable under paragraph 422.

In the case of *In re* Claflin *et al.* (113 Fed. Rep., 944) the collector assessed the goods in question as lambskin, dutiable at $2.50 per dozen pairs, under paragraph 441, and 40 cents additional under paragraph 445 of the tariff act of 1897. The importer protested against the rate of $2.90 per dozen pairs, and claimed that they should have been assessed under Schedule N, paragraph 439, as Schmaschen gloves, dutiable at $2.15 per dozen. Section 439 did not itself fix the duty on gloves, but was extended to include section 440, where the two sections were clearly to be read together. Section 440 provided for varying rates of duty, depending upon the length of the glove and upon whether they were intended for women, children, or men. The court held that this protest was sufficient, on the authority of the United States *v.* Salambier.

In the case of Hensel *v.* United States (160 Fed. Rep., 219) the merchandise was assessed as lithographic prints at 25 per cent ad valorem. The protest read:

Said merchandise is not dutiable as assessed. It is otherwise more aptly and specifically provided for. It is covered by and is dutiable under paragraph 400 at the rate or rates therein provided, according to thickness, cutting, size, etc.

The court said:

The sample shows the merchandise to be lithographic prints. It shows the material of which it is composed. The character of the print, the size and thickness, are readily ascertainable from the sample. It is not necessary that the protest should describe the sample, as the collector has that before him, but must distinctly and specifically state the reasons for the protest. This protest calls the collector's attention to his error in fixing the duty under the wrong paragraph. It points out the correct paragraph, and that the duty should be assessed under the provisions of that paragraph relating to lithographic prints or pictorial post cards, and that portion of the paragraph which is applicable to the post cards in question according to the dimensions of the sample in hand.

The court overruled the Board of General Appraisers and sustained the protest.

It is not easy to distinguish that case from the present. It is true that that was a decision of the circuit court, but the reasoning commends itself. In the present case it is true a number of paragraphs

are named in the protest, but all relate to the same subject, to wit, cotton cloth. The means of ascertaining the rate of duty are in the hands of the collector. He has but to examine the goods and make the count of threads, which we understand is customary in any case in order to determine the rate of duty. The real matter of difference between the importer and the collector was that the latter assumed the goods to be etamines, whereas the importer claimed that they were dutiable as cotton cloths at the rate to be determined by the collector himself. To require that the importer should, at his peril, state the number of threads to the square inch when his statement would not be in any way controlling upon the collector would be not to give a liberal or reasonable construction to the statute, but to set a trap for the unwary and perhaps lead to nullifying his protest because of overparticularity.

A case which has given rise to much misunderstanding and perhaps had led the courts and the board in some instances to depart from the correct rule is that of Boker v. United States, G. A. 5899 (T. D. 25892), affirmed on appeal by the circuit court in 140 Fed. Rep., 115; and again affirmed by the circuit court of appeals without opinion (145 Fed. Rep., 1022).

In that case the goods were assessed under paragraph 137 of the tariff act of 1897, which imposed varying duties upon steel wire of different sizes and finish, with a proviso that if it was valued at more than 4 cents per pound the importer should pay 40 per cent ad valorem, and also provided for iron or steel or other wire not specially provided for in the act a rate of duty of 45 per cent ad valorem. According to the report of the case, the only claim set up in the protests reads as follows:

We claim that said goods are properly dutiable under the provision of paragraph 137 of the tariff act of July 24, 1897.

The protests named no rate of duty other than that assessed, nor did they set forth any fact which would guide the collector in determining what was claimed. It will be noted that the duties were assessed under the same section invoked by the protestants. The board said, speaking through General Appraiser Fischer:

The protests are faulty, in that if they were sustained in the terms of the protests themselves the importers would obtain no relief, for no reliquidation would be thereby necessitated.

This case appears to be relied upon as authority for the proposition that a citation to a section in the statute which provides for varying duties according to weight, measure, or quality is insufficient. The case does not so decide.

In Lothrop v. United States (164 Fed. Rep., 99) a protest was under consideration which recited that the duty should only be paid under

the first section of paragraph 137. The Board of General Appraisers said:

There are no less than three different rates of duty prescribed in the first section. Such a protest does not apprise the collector of just what the importer's claim is.

and held the protest insufficient. But, on appeal, the circuit court held that the protest was sufficient. It is very clear that the holding of the Board of General Appraisers was not in harmony with Hensel *v.* United States, nor, as we construe it, with United States *v.* Salambier.

If the purpose of this notice is to apprise the collector of what the claim of the importer is, and if technical nicety is not to be insisted upon, we think that where the importer protests against the rate assessed and at the same time points out provisions under which he claims the article to be dutiable with sufficient clearness so that the collector may by mere computation or examination of the goods determine their classification, he has complied with the statute in all essential respects.

We think in this case the objections were made sufficiently clear, and that the decision of the Board of General Appraisers should be reversed.

DE VRIES, Associate Judge, being disqualified, took no part in the hearing or decision of this case.