SONNEBORN'S SONS *v.* UNITED STATES (No. 313).[1]

PARAFFIN—COUNTERVAILING DUTY.

A nice precision is not required in formulating a protest, but the ground of it should be fairly stated. The proper rate of the countervailing duty on the paraffin of the importation is the rate assessed by Germany on paraffin, since the paraffin of the importation was manufactured in Germany and exported thence. But the importers asserted no claim on that ground, protesting instead for the Russian rate, because the crude petroleum used was a Russian product. Such a protest is clearly insufficient.

United States Court of Customs Appeals, March 20, 1912.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 12457 (T. D. 27550).

[Affirmed.]

*Walter Evans Hampton* for appellants.

*Wm. L. Wemple,* Assistant Attorney General (*Wm. K. Payne,* Deputy Assistant Attorney General, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is paraffin manufactured in Germany from crude petroleum produced in Russia. Upon its entry at the port of New York in 1905 it was assessed a countervailing duty equivalent to the rate which Russia then imposed upon paraffin entering that country from this, by virtue of the proviso to paragraph 626 of the tariff act of 1897, which is as follows:

*Provided,* That if there be imported into the United States crude petroleum, or the products of crude petroleum produced in any country which imposes a duty on petroleum or its products exported from the United States, there shall in such cases be levied, paid, and collected a duty upon said crude petroleum or its products so imported equal to the duty imposed by such country.

---

[1] Reported in T. D. 32348 (22 Treas. Dec., 477).

The importers duly protested, that part of their protest which is material here being as follows:

The ground of objection under the tariff act of July 24, 1897, is that said merchandise should be, first, free of duty under paragraph 633, and, second, free under paragraph 695, or, if dutiable, at no higher rate of duty than the rate which is imposed by the country of production of the crude petroleum contained in these articles on crude petroleum entering the country of production from the United States. If not so dutiable, then all the goods in this importation should be dutiable at no higher rate than the rate which is assessed by the country of production of the crude petroleum contained in such articles on paraffin oil or other liquid productions obtained from the distillation of petroleum exported from this country into the country of production of the crude petroleum, or should be at the rate which the country of production of the crude petroleum assesses on similar manufactured articles entering into said country exported from the United States. Further, that these goods should not be dutiable at any greater rate than 1 ruble per pood, or 1.70 rubles per gross pood, or 0.20 ruble per pood, as specified in T. D. 19263, or dutiable at 25 per cent under paragraph 448, or dutiable at 25 per cent under paragraph 3, or dutiable at 25 per cent under paragraph 6, or at 30 kopecks per pood of 36 pounds. (See T. D. 26360.)

The material part of the letter of the collector submitting the protest is as follows:

An inspection of the invoice and entry shows that the merchandise in question was imported from Hamburg, Germany, and was returned by the appraiser as "paraffin oil." According to the declaration of the manufacturers and sellers, attached to the invoice, it appears that the oil in question was refined from crude oil coming from Russia. This office in the liquidation of the entry charged a countervailing duty equal to the duty imposed by Russia (1.80 rubles per pood) on similar products imported into Russia from the United States, by virtue of the proviso to paragraph 626, act of July 24, 1897, and in accordance with T. D. 25457. Note T. D. 26360 as to rates charged by foreign countries.

The Board of General Appraisers held that the protest was insufficient in that it claimed free entry under only paragraphs 633 and 695, or if dutiable that the countervailing duty should be only such as was levied by Russia on crude petroleum under the proviso to paragraph 626, hereinbefore quoted. The closing sentences of the board's decision are as follows:

Without criticizing or affirming the action of the collector in any or all of the cases included in this decision it is apparent that, under the claims made in the protests, no relief can be given to the importers or decision rendered in their favor. The protests are therefore overruled.

Appeal was taken by the importers from this decision to the Circuit Court for the Southern District of New York, but before hearing there was duly removed to this court

The only question presented to us by the briefs and arguments is whether or not the protest was sufficient.

There is no controversy that the paraffin should have been assessed the countervailing duty imposed by Germany upon that article. At and prior to the time this merchandise was imported and the duty assessed thereon it had been held by both the board and the Treasury Department that paraffin manufactured in one country from petroleum produced in another should, when imported here, pay the countervailing duty assessed upon paraffin imported thereto from the United States by the country in which the petroleum was produced. (See T. D. 24778, T. D. 25457.)

The countervailing duties in force at the time the importation in this case was made had been publicly announced by the Treasury Department prior to the entry and protest.    (See T. D. 26360.)

The Circuit Court of Appeals for the Second Circuit, in United States v. Downing (146 Fed. Rep., 56; decision handed down January 10, 1906), refused to sustain the above-mentioned interpretation of the statute and held that the products of petroleum manufactured therefrom in a given country were dutiable, when imported here, at the rate the country of such manufacture imposed upon the same merchandise when exported from this country to that. This construction of the statute was concurred in by the Circuit Court of Appeals for the First Circuit by an opinion handed down November 17, 1908. United States v. Marsily (165 Fed. Rep., 186). The correctness of these adjudications is neither challenged nor considered.

No claim is made in this court that the paraffin is entitled to free entry; neither is it claimed that the merchandise is dutiable under paragraphs 3, 6, or 448 referred to in the protest, nor that T. D. 19263, likewise therein referred to and which is a declaration by the Treasury Department of the countervailing duties in force in 1898, is applicable.

With these claims eliminated the protest clearly shows that the protestants explicitly limited themselves to the claim that if dutiable duty should be assessed at a rate the same or no higher than that assessed by the country in which the crude petroleum was produced from which the paraffin in this case was manufactured upon paraffin imported thereto from the United States, and did not claim that the proper rate was that assessed thereon by the country in which the paraffin was manufactured.

The rate of duty imposed on the merchandise here involved was the rate assessed by Russia upon products obtained from the distillation of petroleum, as stated in T. D. 26360, which is also referred to in the protest, and it is not claimed that the Russian rate, if applicable, was incorrectly applied. The rate of 30 kopecks per pood of 36 pounds claimed in the protest is upon crude petroleum imported into Russia, and is not claimed by the importers to be applicable in this case.

Assuming that the merchandise was dutiable, we think it follows from what already appears that the assessment made thereon was at the rate claimed by the importers in their protest, and was the rate the collector had a right to understand by the protest they claimed should be assessed thereon if their other claims were not sustained.

We think the importers' contention can not be sustained. While it may seem a hardship to assess upon their merchandise a rate of duty that was not lawful in view of the subsequent adjudication as to the applicability and meaning of the statute, yet to be relieved therefrom it is required that in their protest they must lay a sufficient foundation for their claim of relief. This they have not done. Their claim was, as we have seen, that the paraffin should be assessed for duty, if dutiable at all, at precisely the rate it was assessed and nowhere did they claim that the proper rate, namely, that which Ger-

many assessed upon like merchandise imported thereto from the United States, was the one to which their merchandise should be subjected.

Among other things, it is claimed by the importers that the protest was sufficient because the collector had in mind that the protestants were claiming under the proviso to paragraph 626, and the collector's letter, above quoted, is referred to as showing that fact. But this can not change the result, because the question is, What was the importers' claim under that proviso?

The importers were doubtless misled by the interpretation placed upon the statute by the Board of General Appraisers and the Treasury Department, but in view of the rule established by this court in Carter *v.* United States (1 Ct. Cust. Appls., 64; T. D. 31033), and in Blivin *v.* United States (1 Ct. Cust. Appls., 205; T. D. 31239), which is to the effect that although technical nicety is not to be insisted upon in protests, nevertheless it is incumbent upon importers to so formulate their protest that it will fairly show that the objection afterwards made at the trial of the case was in the mind of the party and was brought to the knowledge of the collector so as to secure to the Government the practical advantage which the statute was designed to secure. Within this rule we think the importers failed to make a sufficient protest in this case.

The judgment of the Board of General Appraisers is *affirmed.*