## United States *v.* Ewing & Clancey (No. 829).[1]

SUFFICIENCY OF PROTEST.

It is contended the protest makes no claim for reliquidation upon the basis as fixed by the court. Technical precision is not required in protests, but the objec-tions to the assessment must be stated so distinctly and specifically that when fairly construed they will show the claims of the protestant and so notify the collector what these claims are. The protest here is lacking in these respects.

United States Court of Customs Appeals, June 1, 1912.

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, on the brief), for the United States.

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

PER CURIAM: At the instance of the Government, this case comes on for further hearing upon a motion to modify the order for remand

---

and reliquidation.   In support of the motion it is alleged that the protest makes no claim for reliquidation upon the basis determined by the court, and that therefore the importers are not entitled to the benefit of the lower rate held to be applicable.   The merchandise was assessed for duty under the proviso to paragraph 421 construed in connection with paragraph 405 of the tariff act of 1909.   The issue raised by the motion was not presented or discussed upon the hearing in chief by either party, and, as appears by the opinion, neither the contention of the importers nor of the Government as to the interpretation of the paragraphs involved was sustained.

The material part of the importers' protest is as follows:

We hereby protest against your decision, liquidation, and assessment of duties as made by you on our importations,   *   *   *   claiming the same to be dutiable at 60 per cent ad valorem under paragraph 492,   *   *   *   or at 60 per cent ad valorem under paragraph 349,   *   *   *   or at 60 per cent ad valorem under paragraph 421, *   *   *.

We further claim the merchandise dutiable under each of the paragraphs above referred to by virtue of paragraph 481   *   *   *; or at 10 per cent or at 20 per cent under paragraph 480 of said act, and not at 45 cents per pound and 60 per cent ad valorem or as charged by you;   *   *   *.

We claim that the duty assessed by you is not the legal duty chargeable upon said goods.   *   *   *

We have held in substance that, although technical precision is not required in protests, the objections to the assessment must nevertheless be stated so distinctly and specifically as when fairly construed will show the claims of the protestant and at the same time be sufficient to notify the collector thereof.   Carter v. United States (1 Ct. Cust. Appls., 64; T. D. 31033); Bliven v. United States (ibid., 205; T. D. 31239); United States v. Danker (2 Ct. Cust. Appls., 462; T. D. 32208); Sonneborn's Sons v. United States (3 Ct. Cust. Appls., 54; T. D. 32348); Oelrichs v. United States (ibid., 232; T. D. 32541).

The protest before us seems to be wanting in these regards.   It does not state that the collector incorrectly construed paragraph 421 other than to say that under paragraph 421 the merchandise is dutiable at 60 per cent ad valorem, and does not suggest that paragraph 405 must be referred to in order to ascertain the dutiable rate or that, if referred to, it has been incorrectly applied.   Its import, as well as the argument in importers' brief, is rather that paragraph 405 is not applicable, and on the whole we think it is not designed to direct the collector's mind to the real error in his assessment.

While in so doing it is manifest that some hardship will be visited upon the importers in this particular case, yet we feel constrained to hold, notwithstanding the error in the assessment, that the importers have not made a sufficient protest against the same, and therefore that the judgment of the Board of General Appraisers must be, and it is, reversed, and the merchandise is held to be dutiable as assessed by the collector.