BEFORE THE SECOND DIVISION, SEPTEMBER 25, 1962

**No. 67068.—Kaiser Reismann Corp.** v. **United States, protest 60/2555 (New York).**

FORD, Judge: This case originally came before the court on a stipulation of fact and submission. The stipulation was subsequently ordered withdrawn by the court and the matter placed on the calendar of the court for all purposes.

When this matter appeared on the court calendar, the original stipulation of submission was received in evidence as plaintiff's exhibit 1. At this hearing, counsel for the Government moved to dismiss the protest on the grounds that it did not cover the merchandise of the subject stipulation.

The protest before the court, insofar as is pertinent herein, is written as follows:

Protest is hereby made against your decision assessing duty at 29% ad valorem under Paragraph 1211 of the Tariff Act of 1930 or other rate or rates, on ALL MERCHANDISE, IN CHIEF VALUE OF NYLON MONOFILAMENTS covered by entries named below. The reasons for objection, under the Tariff Act of 1930, are that said merchandise is properly classifiable under the provisions of Paragraph 1558 of the Tariff Act of 1930, as modified, "as an article manufactured in whole or in part, nspf: * * * other", and dutiable at 10% ad valorem.

This protest was subsequently amended to include the following claim:

We further claim in the alternative that the said merchandise is properly classifiable by similitude to the provisions of Paragraph 1507 of the Tariff Act of 1930, as modified, and dutiable at 3¢ per lb.

An examination of the official papers establishes that the entry involved herein covered 27 cases consisting of perlon monofilament, grouped, under 30 inches long, and perlon monofilament fishing lines on spools.

The collector of customs classified the former group as "Synthetic textile filaments, not over 30″ long—Par. 1302—15%" (as modified by T.D. 52739), while the latter was classified as "Mfrs of silk, nspf, by similitude," and duty was assessed at the rate of 29 per centum ad valorem under paragraph 1211 and paragraph 1559 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

While the courts have given liberal interpretation to protests filed with the collector of customs, there are certain rules which must be met in order that a protest be deemed sufficient. Section 514 of the Tariff Act of 1930 grants,

to the importers and others, the right to file a protest and provides *inter alia* that the importer may "file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection" to the rate and amount of duty assessed against the imported merchandise.

In the case of *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T.D. 34946, the court, in considering the sufficiency of the protests before it, made the following statements:

It was held in substance in Bliven *v.* United States (1 Ct. Cust. Appls., 205) that one cardinal rule in construing a protest is that it must show fairly that the objection afterwards made at the trial was in the mind of the party at the time the protest was made and was brought to the knowledge of the collector to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one that could be obviated. This, in effect, has long been the doctrine enunciated by the Supreme Court of the United States. Davies *v.* Arthur (96 U.S., 148), Arthur *v.* Morgan (112 U.S., 495), United States *v.* Salambier (170 U.S., 621). See also Carter *v.* United States (1 Ct. Cust. Appls., 64; T.D. 31033) and Sonneborn's Sons *v.* United States (3 Ct. Cust. Appls., 54; T.D. 32348).

In the various cases where this principle has been upheld it will appear that in some the correct paragraph has been cited without mentioning the rate of duty; again, the correct rate has been mentioned without referring to the paragraph; and other discrepancies and infirmities have been considered and discussed. It has, however, uniformly been considered, as already suggested, that one great rule of construction is that *at the time he makes his protest the importer must have in mind the objection afterwards made at the trial* and must sufficiently, in view of all the circumstances, call the collector's attention thereto, so that he may consider and pass upon the same; and the determination of this case must stand or fall upon the application of that rule. [Italics quoted.]

The *Sheldon* case, *supra*, was cited with approval in the case of *U. Fujita & Co. et al.* v. *United States*, 26 C.C.P.A. (Customs) 63, T.D. 49611.

In view of the foregoing, it is clear to us that the protest filed herein did not intend to encompass the merchandise assessed under paragraph 1302, *supra*, and was certainly not sufficient to advise the collector of such a claim in order to afford him an opportunity to correct a mistake, if, in fact, one existed. This remains our conclusion, notwithstanding the clause "or other rate or rates," contained in the protest, which, in our opinion, does not refer to merchandise assessed under another paragraph.

We have read the case of *Dieckerhoff, Raffloer & Co.* v. *United States*, 4 Ct. Cust. Appls. 230, T.D. 33440, relied upon by plaintiff, and do not consider it controlling herein. The protest in the *Dieckerhoff* case, *supra*, was directed against certain kinds and classes of webs, webbings, and cords of various component materials and was directed against assessment at 60 per centum "or as charged by you." The protest does not specify any particular paragraph or paragraphs under which the assessment was levied by the collector of customs.

The case before us is of a much simpler nature in that two types of merchandise were imported herein which were assessed at different rates and under different paragraphs. A protest specifically directed against the merchandise classified under paragraph 1211, as modified, *supra*, is not, in our opinion, broad enough to encompass merchandise classified under the provisions of paragraph 1302 of the Tariff Act of 1930, as modified, *supra*.

Motion of defendant to dismiss the protest on the ground of insufficiency of protest is, therefore, granted and the protest is accordingly dismissed.

Judgment will be entered accordingly.