(C.D. 2613)

W. J. Byrnes & Co., Inc.
National Welding Equip. Co. } *v.* United States

United States Customs Court, Second Division

(Decided January 31, 1966)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*John W. Douglas*, Assistant Attorney General (*Arthur H. Steinberg* and *Avram Weisberger*, trial attorneys), for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: Importations from England described in the official entry papers, which have been received in evidence without being

marked, as "Rubbers only for Everseal A/S facemasks" were classified by the collector of customs as parts of surgical instruments in paragraph 359 of the Tariff Act of 1930, as modified by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by Presidential Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, and assessed with duty at the rate of 40½ per centum ad valorem.

Inasmuch as the merchandise covered by the two above-enumerated protests is of the same kind, the court permitted consolidation of said protests for the purposes of trial and determination.

Plaintiffs by their timely protests seek reclassification of the merchandise at lower rates of duty either as manufactures of rubber within the purview of paragraph 1537 of said tariff act, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by T.D. 53877, for which duty at the rate of 12½ per centum ad valorem is provided, or as parts of machines, not specially provided for, in paragraph 372 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides for duty at the rate of 11½ per centum ad valorem.

We here set forth the statutory provisions in issue.

Paragraph 359 of the Tariff Act of 1930, as modified by Presidential Proclamation No. 3468, *supra:*

Surgical instruments, and parts thereof, including
   hypodermic syringes and forceps, composed
   wholly or in part of iron, steel, copper, brass,
   nickel, aluminum, or other metal, finished or
   unfinished * * * _____ 40½% ad val.

Paragraph 1537 (b) of said act, as modified by the Japanese protocol, *supra:*

Manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for * * *:
   Boots, shoes, or other footwear, wholly or in chief value of india rubber. * * *

  *     *     *     *     *     *     *

   Other_____ 12½% ad val.

Paragraph 372 of said act, as modified by the sixth protocol, *supra:*

Machines, finished or unfinished, not specially provided for:
   Adding machines * * *

  *     *     *     *     *     *     *

| | |
|---|---|
| Other * * * | 11½% ad val. |
| Parts, not specially provided for wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part. | The rates for the article of which they are parts. |

Before proceeding to a consideration of the merits of the case at bar, disposition will be made of two motions presented during the course of the hearing of the instant case, which motions were taken under advisement by the trial judge for determination by the division *in banc.* The first of said motions, which was made by the defendant, attacks the sufficiency of the protests in the following language:

Defendant moves to dismiss the protest[s] in this case on the grounds of insufficiency in that the protest[s] does [do] not sufficiently and specifically identify what provisions of paragraph 1537 that plaintiff is relying on at the rate of 12½ percent. The 12½ percent rate, it is noted, has application to at least six different categories of merchandise. And defendant claims that the protests are therefore insufficient on the ground that they do not specifically and sufficiently identify the provisions under which plaintiff is claiming. * * *

No argument on this motion was presented by either party in the briefs filed herein.

For ready reference, we set forth pertinent portions of the protests before the court:

Protest 63/16732—

COLLECTOR OF CUSTOMS

PORT OF San Francisco

Sir:

Notice of dissatisfaction is hereby given with and protest is hereby made against your decision, liquidation and assessment of duties at 40½%, Par. 359 or other rate or rates on mf. soft rubber (masks for surgical) covered by the entries below named, or other merchandise covered by said entries. The reasons for objection under the Tariff Act of June 17, 1930, and amendments thereto, are as follows:

We claim that said merchandise is properly dutiable at 12½% under Par. 1537. * * *

Protest 63/16958—

COLLECTOR OF CUSTOMS

PORT OF San Francisco

Sir:

Notice of dissatisfaction is hereby given with and protest is hereby made against your decision, liquidation and assessment of duties at 40½%, Par. 359 or other rate or rates on Rubber for facemasks covered by the entries below named, or other merchandise covered by

said entries. The reasons for objection under the Tariff Act of June 17, 1930, and amendments thereto, are as follows:

We claim that said merchandise is properly dutiable at 12½% under Par. 1537(b). * * *

Many years ago the appellate court expressed itself in clear and compelling language on the matter of sufficiency of protests. This expression finds apt application in the circumstances of the present case. We quote from *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T.D. 34946, the following—

It was held in substance in Bliven *v.* United States (1 Ct. Cust. Appls., 205) that one cardinal rule in construing a protest is that it must show fairly that the objection afterwards made at the trial was in the mind of the party at the time the protest was made and was brought to the knowledge of the collector to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one that could be obviated. This, in effect, has long been the doctrine enunciated by the Supreme Court of the United States. Davies *v.* Arthur (96 U.S., 148), Arthur *v.* Morgan (112 U.S., 495), United States *v.* Salambier (170 U.S. 621). See also Carter *v.* United States (1 Ct. Cust. Appls., 64; T.D. 31033) and Sonnenborn's Sons *v.* United States (3 Ct. Cust. Appls., 54; T.D. 32348).

In the various cases where this principle has been upheld it will appear that in some the correct paragraph has been cited without mentioning the rate of duty; again, the correct rate has been mentioned without referring to the paragraph; and other discrepancies and infirmities have been considered and discussed. It has, however, uniformly been considered, as already suggested, that one great rule of construction is that *at the time he makes his protest the importer must have in mind the objection afterwards made at the trial* and must sufficiently, in view of all the circumstances, call the collector's attention thereto, so that he may consider and pass upon the same; and the determination of this case must stand or fall upon the application of that rule. [Italics quoted.]

In the case at bar, both the correct paragraph and the correct rate are specified in the protests. Defendant's only contention on the ground of insufficiency is that the rate claimed is applicable to several different categories of merchandise. We view paragraph 1537 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, which evidently was relied upon by the parties hereto, as applying the 12½ per centum ad valorem rate of duty to only four categories of merchandise, namely (1) manufactures of bone, chip, grass, sea grass, horn straw, or weeds, (2) manufactures of chip roping, (3) boots, shoes, or other footwear, wholly or in chief value of india rubber, and (4) other manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for.

Inasmuch as the protests specifically refer to the merchandise at bar being composed of "rubber," it is inconceivable that the protests were insufficient to inform the collector that the last cited provision of paragraph 1537 of the Tariff Act of 1930, as modified, *supra*, was in the mind of the protestant at the time of filing its protests. We, accordingly, deny the motion of defendant for dismissal of the protests on the ground of insufficiency.

The second motion pending decision is the motion made by plaintiffs to incorporate the record in *The O. E. M. Corp* v. *United States*, 50 Cust. Ct. 138, C.D. 2402. By rule of court, No. 20, incorporation of the record in a case previously decided will be granted at the discretion of the court when the questions of law and fact in the two cases are substantially the same in character. In the case at bar, the parties have tacitly agreed that the issues are the same. The merchandise in controversy in *The O. E. M. Corp.* case, *supra*, was anesthetic apparatus whereas the merchandise at bar in the instant case consists of a rubber unit which, when combined with other parts in this country, becomes a facemask for use with either anesthetic apparatus such as that covered by *The O. E. M. Corp.* case, *supra*, or on pulmonary equipment such as respirators, or portable or hand resuscitators. It is to be noted that the rule does not require that the merchandise in the case sought to be incorporated be "identical" but merely that it be substantially the same in character.

In view of the conclusion which will be reached in the overall circumstances of this case, we need not indulge in extended reasoning which could result in granting or denying the incorporation of *The O. E. M.* case, *supra*, inasmuch as a determination of the present controversy cannot be influenced in any event by such action, as will be seen, *infra*. For the purpose of disposing of the motion, we shall extend whatever benefit may be thereby derived to the moving party and grant plaintiffs' motion to incorporate *The O. E. M.* case, *supra*.

It was the holding of the court in *The O. E. M.* case, *supra*, that certain anesthetic apparatus, which might be utilized by an anesthetist or an anesthesiologist to anesthetize a patient during surgery, was not a part of the surgical technique as such and, therefore, was not a surgical instrument in the tariff sense as found by the collector of customs. Inasmuch as there was a lack of evidence to support a holding that the anesthetic apparatus came within the provisions for machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified, the importation was classified as articles or wares, not specially provided for, composed of base metal, in paragraph 397 of said act, as modified, and subjected to duty accordingly.

Proceeding now to the merits of the case at bar, in view of various important aspects of this case about which there is concurrence rather

than disagreement of the parties, we need refer only briefly to the testimony of record.

The plaintiffs called the following well-qualified witnesses to testify on their behalf. Henry L. Pohndorf is a professional engineer with an engineering degree from M.I.T. and a license to practice engineering in the State of California. He is presently employed by the Bird Corp. (designer and manufacturer of medical respirators) in charge of product engineering, and prior thereto was vice president of the National Welding Equipment Co. for a period of 18 years, engaged essentially in the design of hospital equipment such as flow meters, humidifiers, medical outlet valves, and respirator components. Doctor Lorenz N. Garlington has a medical degree from Duke University. He spent a year at internship and 2 years of residence in house training at Stanford University in San Francisco, and 3 years practice limited to anesthesia, after which he took the board examination for anesthesiology in San Francisco. He is what is known as a physician-anesthesiologist, namely a physician who has taken further training specifically oriented towards administering anesthetics for surgery or other therapy concerned with respiration. Ray N. Valdez is an inhalation therapist at the University of California in San Francisco. The work of an inhalation therapist is to give inhalation therapy treatments to patients by use of respirators employing the facemask, mouthpiece, or some other type of "interpatient" tubes. Such treatment in a hospital is normally conducted in wards, patients' rooms, recovery rooms, emergency rooms, and in intensive care units. He has been performing such work for about 8 years.

Five exhibits were received in evidence representing the merchandise in its condition as imported, illustrating how it appears when combined with other parts to form a facemask, and as part of a respirator and of anesthetic apparatus.

A respirator is employed in pulmonary therapy and may be operated by a physician, a technician, or in the majority of cases by the patient himself. Anesthetic apparatus is operated by a physician-anesthesiologist to maintain a patient in the state of unconsciousness for the purpose of surgery.

The anesthetic "Everseal" facemasks, of which the imported articles are parts, may be used either with anesthetic apparatus, with respirators, or with portable or hand resuscitators. By a ratio of 10 to 1, such facemasks are used chiefly throughout the United States with pulmonary equipment as compared to anesthetic apparatus.

By stipulation of the parties hereto, it was agreed that the items of merchandise in issue, which have been identified on the commercial invoices accompanying the entries covered by the instant protests with the letter "A" and initial "LEM" by Examiner Lawrence E.

Muilenburg, are composed in part of metal and in chief value of india rubber or gutta-percha.

Reference has been made, *supra*, to points of concurrence between the parties hereto. In this regard we quote the following from the defendant's brief—

Since the record contains conclusive proof that the face masks are not dedicated to use with anesthesia equipment; since anesthesia equipment has in any event been held not to be properly classifiable under paragraph 359 of the Tariff Act as modified, *supra;* and since the stipulation of the parties further establishes that the face masks are not in chief value of glass as required by the rate modification under which they were assessed [*sic*], the Government concedes that the Collector's classification was incorrect. Moreover, on the basis of the stipulation that the importations are in chief value of India rubber or gutta percha, the Government agrees with plaintiffs that the face masks should have been classified under paragraph 1537(b), as modified, *supra*. It is the Government's position, however, that the record does not support plaintiffs' alternate claim under paragraph 372, as modified, *supra*.

In the circumstances of the present case, we do not feel called upon to decide whether the devices, with which the imported parts of facemasks are used, are or are not machines, not specially provided for, in the tariff sense. Nor do we consider it necessary to determine the further question whether the articles at bar were so dedicated in their use to qualify them as classifiable as "parts" of machines in the light of the latest pronouncement on the subject in *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831. The parts provision under which relief is sought contains language which limits its application to such parts only as are composed wholly or in chief value of metal or porcelain. It has been agreed upon by the parties that the articles at bar, although in part of metal, are composed in chief value of india rubber or gutta-percha. *Ergo*, the articles at bar are not encompassed by the parts provision in paragraph 372 of the Tariff Act of 1930, as modified, and we so hold.

Inasmuch as the parties have stipulated and agreed that the imported articles are composed in chief value of india rubber or gutta-percha, and we are of the opinion that said articles are not elsewhere provided for in the tariff act, we find and hold that the items of merchandise marked and initialed as aforesaid on the commercial invoices accompanying the entries should properly have been classified as manufactures of india rubber or gutta-percha, not specially provided for, in paragraph 1537(b) of the Tariff Act of 1930, as modified by the Japanese protocol, *supra*, and assessed with duty at the rate of 12½ per centum ad valorem. The claim in the protests to that effect is, therefore, sustained. All other claims are overruled.

Judgment will be entered accordingly.