(C.D. 3841)

NATIONAL WELDING EQUIPMENT CO.
W. J. BYRNES & CO., INC. } *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 4, 1969)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Sheila N. Ziff* and *Robert Blanc*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: The question in this case concerns the dutiable status of flexible rubber face pieces which were imported from England in 1965. The face pieces were described on the invoices as "Rubbers only for Everseal A/S facemasks." They were assessed with duty at 19 percent ad valorem under item 709.06 of the Tariff Schedules of the United States (19 U.S.C. § 1202), which item provides for anesthetic apparatus and instruments and parts thereof.[1]

---

[1] The merchandise was originally liquidated as entered under item 709.27 as other medical surgical instruments and apparatus at 36 percent ad valorem. Subsequently the merchandise was reliquidated at a duty of 19 percent ad valorem under item 709.06, which provides for anesthetic apparatus and instruments and parts thereof, and the appropriate refunds were made.

Plaintiffs claim that the imported articles are dutiable under item 709.45 as parts of "oxygen therapy * * * or similar apparatus," at the rate of 10 percent ad valorem.[2]

At trial the record in *W. J. Byrnes & Co., Inc., et al.* v. *United States*, 56 Cust. Ct. 72, C.D. 2613 (1966), was admitted in evidence on plaintiffs' motion pursuant to our rule 20. Plaintiffs then rested. Defendant presented no evidence and the case was thus submitted.

The merchandise in the present case was conceded by defendant at the trial to be identical to the merchandise involved in the incorporated case. In the incorporated case, it was held that the "Everseal" face masks were not parts of surgical equipment under paragraph 359 of the 1930 Act, as classified by the collector of customs, but were more properly classifiable as manufactures of india rubber or gutta-percha under paragraph 1537(b). The court in the prior case noted (56 Cust. Ct. at 77) that the testimony showed that:

> The anesthetic "Everseal" facemasks, of which the imported articles are parts, may be used either with anesthetic apparatus, with respirators, or with portable or hand resuscitators. By a ratio of 10 to 1, such facemasks are used chiefly throughout the United States with pulmonary equipment as compared to anesthetic apparatus.

Against this background, defendant in the present case requested that it be relieved from filing a brief. "This request," defendant stated, "is being made in view of the record made herein and the plaintiffs' claim that the imported merchandise is dutiable under item 709.45 of the Tariff Schedules of the United States as breathing appliances and parts thereof, which claim we agree is correct."

Upon the record presented and the concession thus made by defendant, we hold that the importations before us are properly classifiable under item 709.45, and thus dutiable at the rate of 10 percent ad valorem.

The protest is sustained and judgment will issue accordingly.

---

[2] Plaintiffs' protest was amended at trial to include an alternative claim under item 774.25 which covers articles not specially provided for of natural rubber, dutiable at 12.5 percent. The alternative claim was not discussed in plaintiffs' brief and is therefore deemed abandoned.